IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02634-MEH

SETH GARRETT FRANCO,

    Plaintiff,

v.

CITY OF BOULDER, COLORADO,
DILLON GARRETSON, in his individual capacity,
STEPHEN COON, in his individual capacity,
ASHLY FLYNN, in her individual capacity, and
KRISTI PETERSON, in her individual capacity,

    Defendants.

---

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Seth Franco seeks summary judgment solely against Defendants Dillon Garretson and Stephen Coon "as to the issue of the unconstitutionality of [Defendants'] actions on September 22, 2017," contending that Defendants are precluded from defending against Plaintiff's Fourth Amendment claims for unlawful arrest and search, since the judge in Plaintiff's criminal case found the officers violated Plaintiff's Fourth Amendment rights. Mot. 1. In response, Defendants contend the prevailing law holds that issue preclusion does not apply to estop a law enforcement officer from defending claims for constitutional violations based on a ruling in the plaintiff's previous criminal matter. Plaintiff replies that Defendants' cited law does not apply to the circumstances of this case. For the reasons that follow, the Court will deny the Plaintiff's motion.

## FINDINGS OF FACT

    The Court makes the following relevant findings of fact viewed in the light most favorable

to Defendants, who are the non-moving parties in this matter.

1. On September 22, 2017, in response to a call for a "welfare check," Defendants Garretson and Coon (in addition to other officers) entered a tea house where Plaintiff was sitting at the bar; when Plaintiff saw the officers, he got up and started walking away, but Defendants ordered Plaintiff to stop.

2. Without a warrant, Defendants grabbed Plaintiff, handcuffed him, cut his backpack off and searched it, found a bag containing psilocybin mushrooms, and arrested Plaintiff for possession of a controlled substance.

3. Plaintiff was charged with one count of possession of a schedule I controlled substance in Boulder District Court Case 17CR1941, *People of the State of Colorado v. Seth Franco*.

4. On August 20, 2018, Plaintiff filed a motion to suppress the arrest, and the next day Plaintiff filed a motion to suppress the search.

5. On October 2, 2018, the Honorable Noel E. Blum presided over a motions hearing in the criminal matter, during which Plaintiff's probation officer Barbara Polk, Officer Coon, and Officer Garretson gave testimony regarding the motions to suppress arrest and search.

6. Garretson testified that when he encountered Plaintiff at the tea house, Plaintiff's eyes were watery, and he smelled alcohol on Plaintiff's breath, which Garretson believed to be a probation violation. Coon testified that Plaintiff's girlfriend informed him the Plaintiff had made suicidal statements, and she saw him pour all of his medications into one bottle before he left the house; she also saw him open a beer, consume most of it, and leave the house with the same beer can.

7. On October 15, 2018, Judge Blum issued a written order granting both the motion to suppress arrest and the motion to suppress search, finding the arrest was not supported by probable

cause and, thus, the evidence of the mushrooms was excluded as "fruit of the poisonous tree." Order 9, 15, ECF 27-4. The prosecution subsequently dismissed the case.

## **LEGAL STANDARDS**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine issue of material fact exists "unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) (quoting *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); *World of Sleep, Inc. v. La–Z–Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be

3

determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") (citation omitted); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and...if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005); *see also Hasan*, 935 F.3d at 1098 (""Unsubstantiated allegations carry no probative weight in summary judgment proceedings."). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## **ANALYSIS**

While Defendants focus their objection to Plaintiff's motion on a Tenth Circuit case seemingly applicable to and dispositive of one of the elements Plaintiff must prove, they also contend that Plaintiff fails to meet two other elements of the four necessary to establish issue preclusion. The Court will address each challenge as presented.

4

When an issue sought to be precluded has been addressed in state, rather than federal, court, "a federal court [must] give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered." *Jiron v. City of Lakewood*, 392 F.3d 410, 415-16 (2004) (applying Colorado law and concluding that "a party who has pled guilty to a crime in Colorado state court is collaterally estopped from relitigating the elements of that crime in a subsequent civil proceeding."). Here, the issue sought to be precluded was addressed by the District Court for Boulder County, Colorado.

In 2017, the Colorado Supreme Court noted the "confusion" that had arisen among state and federal courts with using the term "res judicata" to apply to both claim preclusion and issue preclusion. *Foster v. Plock*, 394 P.3d 1119, 1122 (Colo. 2017). In so noting, the court set forth the following description of issue preclusion in Colorado:

> Under this doctrine, once a particular issue is finally determined in one proceeding, parties to this proceeding are barred from re-litigating that particular issue again in a second proceeding, even when the actual claims for relief in the two proceedings are different. We have explained that the doctrine of issue preclusion is broader than the doctrine of claim preclusion because it applies to claims for relief different from those litigated in the first action, but narrower in that it applies only to issues actually litigated.

*Id.* at 1123 (citations omitted). The court proceeded to set forth the requirements for issue preclusion, which prohibits litigation of the issue in the second proceeding if four elements are met: (1) the prior proceeding was decided on a final judgment on the merits; (2) the issue in the current proceeding is identical to the issue actually adjudicated in a prior proceeding; (3) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the party against whom issue preclusion is asserted is a party or in privity with a party in the prior proceeding. *Id.* The court also set forth the elements for claim preclusion and

5

concluded that "mutuality" (or, "the parties to both proceedings were identical or in privity with one another") is a required element for defensive claim preclusion in Colorado. *Id.* at 1122.

Plaintiff contends that the Boulder County court's decision finding the law enforcement officers, including Defendants Garretson and Coons, had no probable cause to arrest Plaintiff and, thus, violated his Fourth Amendment rights, precludes Defendants from defending against the issue in this case. With respect to the fourth element, Defendants contend that the Tenth Circuit's opinion in *Novitsky v. City of Aurora* applies and resolves the question, the court having found, "a court's conclusion during a criminal prosecution that a law enforcement officer's conduct was unconstitutional is not afforded collateral estoppel effect in a subsequent civil case against the officer because there is no privity between the prosecution in the criminal case and the officer." 491 F.3d 1244, 1252 n.2 (10th Cir. 2007).

On its face, it appears that *Novitsky* applies; however, Plaintiff contends that the issue sought to be precluded in *Novitsky* was addressed by a *federal* court and, thus, the Tenth Circuit applied *federal*, as opposed to state, law concerning issue preclusion. *See id.* (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992) ("We are a federal court examining a question of federal law upon which another federal court, namely the Supreme Court, has previously ruled. Under these circumstances, we must rely on the federal law of collateral estoppel."); *see also Kinslow v. Ratzlaff*, 158 F.3d 1104, 1105 (10th Cir. 1998) ("A party's ability to relitigate an issue decided in a prior state court determination depends on the law of the state in which the earlier litigation occurred."). Plaintiff asserts that no court in Colorado has come to the same conclusion as *Novitsky*.

In fact, the Tenth Circuit in *Jiron, supra*, applied Colorado law and concluded that "a party

6

who has pled guilty to a crime in Colorado state court is collaterally estopped from relitigating the elements of that crime in a subsequent civil proceeding." 392 F.3d at 415-16. However, *Jiron* does not apply to the facts of this case, which involve neither a guilty plea nor a defendant seeking to prevent the plaintiff/criminal defendant from arguing an element of her claim for excessive force, since the element (threat of harm) was determined by the plea to a charge of felony menacing. *See id.* The Colorado Court of Appeals has also concluded that "issue preclusion will bar litigation in a civil trial of an issue that has been previously litigated in a criminal trial, provided the requisites for the application of issue preclusion are satisfied." *A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy*, 93 P.3d 598, 602 (Colo. App. 2004). Again, *A-1 Auto Repair* is distinguishable from this case in that it involved an employer suing a former employee for "conversion" for the employee's payroll overpayments to herself; the employer sought to preclude the re-litigation of whether the employee committed theft, since she was convicted of two counts and the conviction was affirmed on appeal. *Id.* at 600. In both of these cases, the party sought to be estopped was identical in both the criminal case and civil case.

In this matter, the Defendants were not parties in the criminal case. The Court concludes that, even if *Novitsky* does not apply to resolve the fourth element for issue preclusion, Plaintiff fails to demonstrate that no material factual issues exist as to whether Defendants were in privity with the "People of the State of Colorado" in the criminal case.

Citing *Foster*, Plaintiff contends that the Colorado Supreme Court has left open the question of whether the doctrine of "privity" or "mutuality" is a required element of "offensive collateral estoppel." Mot. 16-17. This is not entirely correct; as set forth above, the court in *Foster* specified the differences between claim preclusion and issue preclusion, and proceeded to analyze whether

7

mutuality was a required element for the "defensive use of *claim* preclusion." *Foster*, 394 P.3d at 1126 n.6 (emphasis added). While first affirming that "collateral estoppel" is also referred to as "issue preclusion" (*id.* at 1123 n.4), the court actually determined, "we need not consider today whether mutuality is required for the offensive use of *claim* preclusion." *Id.* at 1126 n.6 (emphasis added). In any case, without binding or persuasive law holding otherwise, the Court is not convinced that mutuality or "privity" is not a required element of issue preclusion in Colorado, whether offensive or defensive. *See id.* at 1123 (setting forth the elements for issue preclusion, including "privity" as the fourth element).

The Colorado Supreme Court has instructed that "the question of when a second party is 'in privity' with a prior party requires (1) a comparison of the legal interests of each party and (2) an understanding of whether the second party's legal interests were protected by the prior party. We have articulated this privity test in a broader sense and have concluded that '[p]rivity between a party and a non-party requires both a "substantial identity of interests" and a "working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation."'" *Foster*, 394 P.3d at 1126 (quoting *S.O.V. v. People in Interest of M.C.*, 914 P.2d 355, 360 (Colo. 1996) (finding defendant was not a party nor in privity with a party in a previous action for purposes of determining whether "either res judicata or collateral estoppel principles" applied)). In *Foster*, the court found "privity" between a defendant in the first civil action and a defendant in the second civil action (both actions brought by the same plaintiff), since the claims involved the same conduct by the second defendant, the first defendant's defense "inevitably paralleled a defense that [the second defendant] would have made had he been named in the first action," and the defendants' "legal interests were aligned because both parties had an interest in a

8

judgment" ruling against the plaintiff. *Id.*

Here, unlike in *Foster*, the Defendants' and the criminal prosecution's legal interests were not necessarily aligned; according to the state judge's order, Garretson was called as a witness for the prosecution and Coon was called as a witness for the defense. Order, ECF 27-4. Moreover, although the officers likely would be "interested" in a judgment finding they had probable cause to support their conduct, there is no indication that they suffered legal consequences from the actual judgment, as opposed to *Foster* in which judgments against both defendants would result in awards of damages. *See* 394 P.3d at 1126. In addition, the Defendants' legal interests were not necessarily protected by the prosecution in the criminal case; the prosecution's only interest was to successfully defend the Plaintiff's motions to suppress, not to defend claims for damages against the Defendants. Thus, the Court cannot say that the prosecution's defense "inevitably paralleled a defense that [Defendants] would have made had [they] been [parties] in the first action." *Id.*

Accordingly, the Court finds the Plaintiff has failed to establish no genuine issues of material fact as to whether Defendants were in privity with the prosecution in Plaintiff's criminal matter. Because the Plaintiff must meet all four requirements for application of the doctrine, the Court concludes Plaintiff fails to demonstrate that issue preclusion applies as a matter of law to bar Garretson and Coon from defending Plaintiff's claims for violations of the Fourth Amendment.

## **CONCLUSION**

Therefore, Plaintiff's Motion for Partial Summary Judgment Against Officers Dillon Garretson and Stephen Coon Based on Collateral Estoppel [filed December 5, 2019; ECF 27] is **denied**. The temporary stay of discovery involving Garretson and Coon imposed on February 11, 2020 is **lifted**; the parties need not file a status report as originally ordered and may proceed with

discovery in this case.

    Dated at Denver, Colorado, this 16th day of March, 2020.

                              BY THE COURT:

*Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge